IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  No. CR 96-0256 JP

CESAR CHACON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Petition for Writ of Error Coram Nobis (Doc. 53), his fourth attempt to obtain relief from his criminal conviction. In 1996, Defendant was indicted, convicted, and sentenced on drug charges (Docs. 1, 12, 34). The Court entered judgment (Doc. 42) on January 10, 1997. Defendant did not appeal his conviction or pursue collateral relief under 28 U.S.C. § 2255. His first coram nobis petition (Doc. 47) was denied on June 28, 2012 (Doc. 48); his motion to alter or amend judgment (Doc. 49) was denied on October 24, 2012 (Doc. 50); and on July 23, 2013 (Doc. 52), the Court denied his petition for writ of audita querela (Doc. 51). He contends that he is actually innocent of the charges for which he was convicted in the criminal proceeding. The Court will deny the petition.

Defendant alleges, again, that he "was under the age of eighteen when he committed the offense" and was thus a juvenile for purposes of criminal prosecution. *See* 18 U.S.C. § 5031. He asserts that the government failed to comply with certain procedural steps required by statute before prosecuting a juvenile. *See* § 5032. As a result, he alleges, he is actually innocent. For relief, he asks the Court to dismiss the judgment and conviction in this criminal proceeding.

No relief is available on Defendant's allegations. As noted in several recent Tenth Circuit decisions, "[Defendant] was not entitled to error *coram nobis* relief because his claims . . . could

have been raised earlier." *United States v. Martinez-Arrellano*, 345 F. App'x 379, 381 (10th Cir. 2009) (citing *Klein v. United States*, 880 F.2d 250, 254 n.1 (10th Cir. 1989); *Embrey v. United States*, 240 F. App'x 791, 793-94 (10th Cir. 2007)); *and see United States v. Watkins*, 440 F. App'x 643, 645 (10th Cir. 2011). Defendant could have raised his innocence claim in the criminal proceeding or in a motion under 28 U.S.C. § 2255 within one year after his conviction became final in 1997. He makes no allegation that he was unaware of the factual basis of his innocence claim, and he offers no adequate explanation for failing to raise his claims during the criminal proceeding or in a timely § 2255 motion.[1] *See United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011). The Court will deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's Petition for Writ of Error Coram Nobis (CR Doc. 53) is DENIED.

*/s/ James A. Parker*

---

[1] "For a federal prisoner, '[t]he exclusive remedy for testing the validity of a judgment . . . , unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.'" *United States v. Le*, 412 F. App'x 148, 150 (10th Cir. 2011) (citations omitted). "[S]ection 2255's . . . procedural barriers by themselves [e.g., the one-year limitations period] do not establish that section 2255 is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000), *quoted in Braun v. Gallegos*, 58 F. App'x 781, 783 (10th Cir. 2002).