IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. CR 96-0256 JP

CESAR CHACON,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant's Motion for Correction of the Record (Doc. 64) filed on November 12, 2014, and Motion for Appointment of Federal Defender or Court Appointed Counsel (Doc. 65) filed on February 2, 2015.  The motion for correction, which invokes rule 36 of the Federal Rules of Criminal Procedure, is Defendant's fifth attempt to obtain relief from his conviction in this proceeding.  *See* Docs. 47, 49, 51, 53.  In the motion, Defendant alleges, again, that he was a juvenile at the time of his arrest.  He contends that certain statutory provisions "mandated that defendant, be adjudicated by the court as a juvenile, unless the government met its burden that he should be adjudicated as an adult."  *See* 18 U.S.C. § 5032.  He asks the Court to issue a new judgment "not[ing] that defendant was not accorded" his statutory rights as a juvenile and that he did not waive those rights.

        The relief that Defendant seeks is not available under rule 36, which allows the Court to "correct a clerical error . . . or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Courts have interpreted the rule as allowing, in part, "correction in the formal record of a gap or error," *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968) (analyzing claim under Fed. R. Civ. P. 60(a)), *cited in United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997), and correction of transcription errors but not "error[s] of law."  *United States v.*

*Werber*, 51 F.3d 342, 347, 348 and n. 16 (2d Cir. 1995), *cited in United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). "Typically, this would be an error 'of the sort that a clerk or amanuensis might commit, mechanical in nature.' "  *United States v. Gardner*, No. 14-4069, slip ord. at 5 (10th Cir. Mar. 4, 2015) (quoting *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008).  The Court of Appeals for the Tenth Circuit has rejected applications under rule 36 to correct alleged error regarding consecutive sentences, *see Azure v. Gallegos*, 97 F. App'x 240, 244 (10th Cir. 2004), and very recently, to amend a judgment by specifying the amount of time that a defendant spent in pretrial confinement, *see United States v. Gardner*, No. 14-4069, slip ord. at 6-7 (10th Cir. Mar. 4, 2015).

As noted above, this is Defendant's fifth effort to litigate this issue.  The alleged failure to initially adjudicate Defendant's juvenile status clearly does not constitute "a 'clerical mistake'. . . appear[ing] on the face of the record, leaving little need for adversary proceedings to clarify the issue."  *Werber*, 51 F.3d at 347.  As in *Gardner*, Defendant's request for an amended judgment addressing this legal issue is "[q]uite clearly . . . beyond the scope of Rule 36."  *Gardner*, No. 14-4069, slip ord. at 7.  The Court will deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's Motion for Correction of the Record (Doc. 64) filed on November 12, 2014, is DENIED; his Motion for Appointment of Federal Defender or Court Appointed Counsel (Doc. 65) filed on February 2, 2015, is DENIED as moot; and the Clerk is directed to mail a copy of                                                                      cket.

*James A. Parker*